# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2013

Lyle W. Cayce
Clerk

No. 13-10351
Summary Calendar

RONNIE HALTON,

Plaintiff-Appellant

v.

STEPHEN DUPLANTIS; DALLAS COUNTY PUBLIC DEFENDERS OFFICE,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-4274

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ronnie Halton, Texas prisoner # 11082665, filed a civil rights suit against Stephen Duplantis, Assistant Public Defender, and the Dallas County Public Defender's Office alleging ineffective assistance of counsel related to his guilty plea conviction for aggravated assault with a deadly weapon. Halton seeks leave to proceed in forma pauperis (IFP) to appeal the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. The district court denied Halton leave to proceed IFP on appeal, certifying that his appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). By moving for leave to proceed IFP, Halton is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5).

In this court, Halton does not address the district court's determination that Duplantis was not a state actor and that the Public Defender's Office was not a jural entity. Accordingly, he has abandoned any challenge to that determination, *see Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and has failed to demonstrate that his "appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Because Halton has not shown that his appeal involves a nonfrivolous issue, we deny his motion to proceed IFP on appeal and dismiss his appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. His motion to compel production of documents is also denied.

The district court's dismissal of the complaint for failure to state a claim and this court's dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We warn Halton that if he accumulates at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) WARNING ISSUED.